UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                    Chapter 11

HOSTESS BRANDS, INC., *et al.*,[1]                       Case No. 12-22052 (RDD)

                           Debtors.                                The Hon. Robert D. Drain

------------------------------------------------------------X

## NOTICE OF APPEAL FROM THE OMNIBUS ORDER DENYING REQUESTS FOR ENTRY OF AN ORDER DIRECTING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

The Board of Trustees of the Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "RWDSU Pension Fund") hereby appeal under 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001 and 8002, from the Omnibus Order Denying Requests for Entry of an Order Directing Immediate Payment of Administrative Expense Claims, entered in these cases on August 14, 2012 [Docket No. 1350] (the " Omnibus Order") (attached hereto as Exhibit A), denying the request of the RWDSU Pension Fund for immediate payment of the postpetition employee benefit contributions allowed as an administrative expense claim in the Court's June 26, 2012 Order Granting the Motion of the Trustees of the RWDSU and Industry Pension Fund for Allowance and Immediate Payment of Postpetition Employee Benefit Contributions as an Administrative Expense [Docket No. 1173].

The names of all of the parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1. The Board of Trustees of the RWDSU and Industry Pension Fund, a party to the Omnibus Order and the Appellants to this appeal, is represented by William K. Wolf of the law

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Hostess Brands, Inc. (0322), IBC Sales Corporation (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and MCF Legacy, Inc. (0599).

1

113357

firm of Friedman & Wolf, 1500 Broadway. Suite 2300, New York, New York 10036; telephone: (212) 354-4500; facsimile: (212) 719-9072.

2.   Hostess Brands, Inc., *et al.*, the Debtors in this action and the Appellees to this appeal, are represented by Corinne Ball, Heather Lennox, Veerle Roovers and Michael Silberfarb of the law firm of Jones Day, 222 East 41st Street, New York, New York 10017; telephone (212) 326-3939; facsimile (212) 755-7306.

3.   The Bakery and Sales Drivers Local Union No. 33 Industry Pension Fund and the Mid-Atlantic Regional Council of Carpenters' Annuity Fund, parties to the Omnibus Order, are represented by Marc A. Tenebaum, Esq. of the law firm of Virginia & Ambinder LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York 10006, telephone: (212) 943-9080; facsimile: (212) 943-9082.

4.   The IAM National Pension Fund, a party to the Omnibus Order, represented by Wojciech F. Jung, Esq. and Sharon Levine, Esq. of the law firm of Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068; telephone: (973) 597-2500; facsimile: (973) 597-2400.

5.   The Central Pension Fund, a party to the Omnibus Order, represented by Walter Benzija, Esq. of the law firm of Halperin Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, New York 10022; telephone: (212) 765-9100; facsimile: (212) 765-0964.

6.   The Bakery Drivers Union Local 550 and Industry Pension Fund, a party to the Omnibus Order, represented by Denis P. Duffey, Jr., Esq. of the law firm of Spivak Lipton, LLP, 1700 Broadway, Floor 21, New York, New York 10019; telephone: (212) 765-2100; facsimile: (212) 765-8954.

7.      The IUOE Stationary Engineers Local 39 Pension and Annuity Trust Funds, parties to the Omnibus Order, represented by Jordan D. Mazur, Esq. of the law firm of Weinberg, Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, California 94501; telephone: (510) 337-1001; facsimile: (510) 337-1023.

8.      The Automobile Mechanics' Local 701 Union & Industry Pension Fund, a party to the Omnibus Order, represented by Jeffrey A. Krol, Esq. of the law firm of Johnson & Krol, LLC, 300 South Wacker Drive, Suite 1313, Chicago, Illinois 60606; telephone: (312) 372-8587; facsimile: (312) 255-0449.

9.      The United Food and Commercial Workers Unions and Employers Midwest Pension Fund, a party to the Omnibus Order, represented by Jonathan D. Karmel, Esq. of The Karmel Law Firm, 221 N. LaSalle Street, Suite 1307, Chicago, Illinois 60601; telephone: (312) 641-2910; facsimile: (312) 641-0781.

Dated: August 28, 2012
       New York, New York

By: /s/ Eugene S. Friedman
    Eugene S. Friedman (EF-5273)
    William K. Wolf (WW-7906)

    FRIEDMAN & WOLF
    1500 Broadway, Suite 2300
    New York, New York 10036
    Telephone: (212) 354-4500
    Facsimile:  (212) 719-9072

    Attorneys for the Board of Trustees
    of the Retail, Wholesale and Department
    Store Int'l Union and Industry Pension Fund

113357

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
Hostess Brands, Inc., *et al.*,[1]                             :   Case No. 12-22052 (RDD)
                                                               :
                    Debtors.                                   :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### OMNIBUS ORDER DENYING REQUESTS FOR ENTRY OF AN ORDER DIRECTING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

This matter coming before the Court on the following Orders allowing certain administrative expense claims (collectively, the "Orders") of each of the pension funds subject to the Orders (the "Pension Funds"):

(i)   the Order Allowing and Directing Payment of Administrative Expense Claim of the Central Pension Fund (Docket No. 1166);

(ii)  the Order Granting Motion of the I.A.M. National Pension Fund for an Order Directing Payment of Postpetition Employee Benefit Contributions and Allowing an Administrative Expense Claim for Unpaid Amounts (Docket No. 1169);

(iii) the Order Allowing and Directing Payment of Administrative Expense Claim of the Bakery & Sales Drivers Local No. 33 Industry Pension Fund (Docket No. 1170);

(iv)  the Order Allowing and Directing Payment of Administrative Expense Claim of the Mid-Atlantic Regional Council of Carpenters' Annuity Fund (Docket No. 1171);

(v)   the Order Granting Automobile Mechanics' Local 701 Union and Industry Pension Fund's Motion for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503 (Docket No. 1172);

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Hostess Brands, Inc. (0322), IBC Sales Corporation (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and MCF Legacy, Inc. (0599).

- (vi) the Order Granting the Motion of the Trustees of the RWDSU and Industry Pension Fund for Allowance and Immediate Payment of Postpetition Employee Benefit Contributions as an Administrative Expense Claim (Docket No. 1173);

- (vii) the Order Granting IUOE Stationary Engineers Local 39 Annuity Trust Fund's Motion for an Order Directing Payment of Post-Petition Employee Benefit Contributions and Allowing and Administrative Expense Claim for Unpaid Amounts (Docket No. 1175);

- (viii) the Order Granting IUOE Stationary Engineers Local 39 Pension Trust Fund's Motion for an Order Directing Payment of Postpetition Employee Benefit Contributions and Allowing an Administrative Expense Claim for Unpaid Amounts (Docket No. 1199); and

- (ix) the Order Allowing and Directing Payment of Administrative Expense Claim of the United Food and Commercial Workers Unions and Employers Midwest Pension Fund (Docket No. 1284);

and the Court having reviewed the following pleadings (collectively, the "Pleadings"):

- (i) the Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1200) and the Declaration of Gregory F. Rayburn attached thereto;

- (ii) the Letter from Central Pension Fund to Hon. Robert D. Drain, dated July 11, 2012 (Docket No. 1204);

- (iii) the Stipulation and Agreed Order Between the Debtors and Certain Pension Funds (Docket No. 1231);

- (iv) the Stipulation and Agreed Order Between the Debtors and Certain Pension Funds (Docket No. 1257);

- (v) the Objection of the Trustees of the RWDSU and Industry Pension Fund to the Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1306);

- (vi) the Objection of Bakery and Sales Drivers Local Union No. 33 Industry Pension Fund and Mid-Atlantic Regional Council of Carpenters' Annuity Fund to Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1314);

- (vii) the I.A.M. National Pension Fund's (I) Objection to Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to

NYI-4467243v6

        Bankruptcy Rule 9023 and (II) Request for Immediate Payment of Pension Obligations (Docket No. 1315);

(viii)   the Objection of Central Pension Fund to Omnibus Motion of Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1317);

(ix)   the IUOE Stationary Engineers Local 39 Pension Trust Fund and IUOE Stationary Engineers Local 39 Annuity Trust Fund's Brief In Support of Further Relief Under Motion for an Order Directing Payment of Post-Petition Employee Benefit Contributions (Doc. No. 786, 788, and 1124) and Allowing an Administrative Expense Claim for Unpaid Amounts and In Opposition to the Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1318); and

(x)   the Omnibus Reply of Debtors and Debtors in Possession to Objections of Seven Pension Funds to the Omnibus Motion of Debtors and Debtors in Possession to Amend Certain Orders Pursuant to Bankruptcy Rule 9023 (Docket No. 1324);

and the Court having considered the statements of counsel with respect to the Orders and the Pleadings at a hearing held by the Court on August 7, 2012 (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Pleadings and the Hearing was sufficient under the circumstances; and after due deliberation and for the reasons stated by the Court on the record at the Hearing, it is hereby

ORDERED THAT:

1.   The Pension Funds' requests for immediate payment of the administrative expense claims granted in the Orders are DENIED without prejudice to the Pension Funds renewing their requests under changed circumstances in the future.

2.   This Court retains jurisdiction with respect to all matters arising from or

related to the implementation, interpretation and/or enforcement of this Order.

       3.    This Order is deemed a separate order with respect to each Pension Fund's request for immediate payment that is covered by this Order

Dated: August 14, 2012  
       White Plains, New York

/s/Robert D. Drain  
UNITED STATES BANKRUPTCY JUDGE

NYI-4467243v6